**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ricardo AVILA–NAVA, also known as Miguel Lopez–Cardenas, also known as Ricardo Madrigal Avila–Nava, Defendant–Appellant.**

**No. 06–51190**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 25, 2007.

Mara A. Blatt, Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Henry Joseph Bemporad, Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before GARWOOD, JOLLY and CLEMENT, Circuit Judges.

PER CURIAM: *

Ricardo Avila–Nava appeals the 46 month sentence imposed in August 2006 by the district court following his guilty-plea conviction of illegal reentry following deportation. He argues that the district court erred in increasing his offense level under the Sentencing Guidelines based on a determination that his prior Michigan conviction for attempted felonious assault with a knife (Mich. Compiled Laws § 750.82) was a crime of violence under U.S.S.G. § 2L1.2 (producing an otherwise unchallenged advisory guideline sentencing range of 46–57 months).

■ Avila–Nava acknowledges that we determined in *United States v. Saucedo–Roman,* 202 Fed.Appx. 723 (2006), that the Michigan offense of felonious assault is a crime of violence because it falls within the definition of the enumerated offense of aggravated assault. He notes that *Saucedo–Roman* is nonprecedential and argues that it was wrongly decided. *Saucedo–Roman* is consistent with our published opinion in *United States v. Sanchez–Ruedas,* 452 F.3d 409 (5th Cir.), *cert. denied,* —— U.S. ——, 127 S.Ct. 315, 166 L.Ed.2d 237 (2006).[1] Moreover, "[a]n at-

---

* Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. *See also, e.g., United States v. Mungia–Portillo,* 484 F.3d 813 (5th Cir.2007).

tempt to commit an offense that qualifies as a crime of violence is also a crime of violence." *United States v. Tzep–Mejia,* 461 F.3d 522, 525 n. 4 (5th Cir.2006). The district court did not err by adjusting Avila–Nava's offense level.

■ Avila–Nava's constitutional challenge to 8 U.S.C. § 1326(b) is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although he contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.2005). Avila–Nava properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.